UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN THOMAS (#177753)

VERSUS                                              CIVIL ACTION

TERRY DARBORNE, ET AL                               NUMBER 11-543-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 24, 2012.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN THOMAS (#177753)

VERSUS                                                CIVIL ACTION

TERRY DARBORNE, ET AL                                 NUMBER 11-543-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Motion To Dismiss Defendants' Motion For Partial Summary Judgment. Record document number 19.

### I. Procedural Background

On December 7, 2011, the defendants' filed a Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies.[1] Plaintiff did not oppose the motion. On January 10, 2012, a Magistrate Judge's Report was issued recommending that the defendants' motion be granted.[2]

Plaintiff is now before the court presumably seeking summary judgment on grounds that he has now exhausted available administrative remedies. Defendants' Motion for Partial Summary Judgment For Failure to Exhaust Administrative Remedies shall be treated as an opposition to the plaintiff's motion. Additional

---

[1] Record document number 14.

[2] Record document number 17.

briefing is not necessary.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Terry Darborne, Orville Lamartiniere, Michael Vanalsdorf, Barrett Boeker, Trampis Butler, Bernell Hunter, Darryl Vannoy and Sgt. Louis Lollis. Plaintiff alleged that on May 12, 2009, he was beaten without provocation, he was denied adequate medical treatment, he was issued false disciplinary reports in retaliation for filing administrative grievances, he was denied due process at a disciplinary board hearing, he was confined to a cell without access to his personal property and he was subjected to racial discrimination, all in violation of his constitutional rights. Plaintiff also alleged that he was subjected to an assault and battery and negligence under state law.

Plaintiff moved for summary judgment relying on a statement of facts in dispute, a declaration in support of his motion, a copy of a letter dated December 13, 2011, to Trish Foster at the prison's Legal Programs Department requesting that his outstanding administrative grievances filed between January 1, 2007 and December 31, 2008 be withdrawn, and copies of Administrative Remedy Procedure and Property Claims Input Screen.

## II. Factual Allegations

Plaintiff alleged that on May 12, 2009, he had been given a

pass and was en route to his living quarters when he was attacked and beaten without provocation by Sgt. Lollis. Plaintiff alleged that Sgt. Brown attempted to intervene on his behalf but was pushed aside by Sgt. Lollis. Plaintiff alleged that Sgt. Brown activated her beeper and several ranking correctional officers arrived on the unit. Plaintiff alleged that several of the officers participated in the attack and while others conspired to cover up the incident. Plaintiff alleged that following the incident he was denied adequate medical treatment. In addition, the plaintiff alleged that he was issued false disciplinary reports in retaliation for filing administrative grievances and was denied due process at the disciplinary board hearing. Finally, the plaintiff alleged that he was subjected to racial discrimination.

### III. Applicable Law and Analysis

#### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

#### B. Failure to Exhaust Administrative Remedies

Plaintiff argued that he exhausted available administrative remedies regarding the claims raised in the complaint.

Specifically, the plaintiff argued that he filed Administrative Remedy Procedure (ARP) LSP-2009-1796 which was rejected by prison officials on January 5, 2012.[3] Plaintiff argued that as a result the exhaustion requirement has been satisfied. Plaintiff's argument is without merit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v.*

---

[3] Record document number 19, p. 3.

*Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged in Part II.C. of the complaint that he filed an ARP complaining about the facts alleged in the complaint but conceded that he had not been given an ARP number.[4]

Although the plaintiff argued that he exhausted the claims raised in the complaint in ARP LSP-2009-1796, he failed to support his assertion by including a copy of the ARP with his motion for summary judgment.

But even assuming ARP LSP-2009-1796 pertains to all of the claims raised in the complaint and it was processed through the two step procedure, the plaintiff's complaint is nonetheless subject to dismissal for failure to exhaust administrative remedies because the administrative grievance was not exhausted until January 5,

---

[4] Record document number 1, p. 3.

5

2012, almost five months *after* the plaintiff filed his complaint.

**Conclusion**

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's Motion To Dismiss Defendants' Motion For Partial Summary Judgment be denied and this action be dismissed, and with prejudice to refiling the complaint in forma pauperis.[5]

Baton Rouge, Louisiana, January 24, 2012.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] *Underwood v. Wilson*, 151 F.3d at 296.